UNITED STATES DISTRICT COUR
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

MONICA MARQUEZ, individually and
on behalf of all others similarly situated,

       Plaintiff,

v.

PROFESSIONAL DEBT MEDIATION, INC.,
a Florida Profit Corporation,

       Defendant.

_____/

## CLASS ACTION COMPLAINT

Class Plaintiff, MONICA MARQUEZ (hereinafter "Plaintiff" or "Marquez") individually, and on behalf of all those similarly situated, by and through her undersigned counsel, alleges violation(s) of the Fair Debt Collection Practices Act pursuant to 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA") against Defendant, PROFESSIONAL DEBT MEDIATION, INC. (hereinafter "Defendant" or "Professional Debt").

### INTRODUCTION

1.     This Class Action arises from Defendant's unlawful scheme to collect debts in violation of the Fair Debt Collection Practices Act pursuant to 15 U.S.C. § 1692 et seq., which prohibits debt collectors from engaging in abusive, unfair and deceptive practices.

2.     Section 1692(g) provides that debt collectors such as Professional Debt Mediation, Inc. have a legal duty to give Plaintiff and the Class notice of their right to, among other things, dispute a debt or obtain verification of a disputed debt from the debt collector.

3.     In particular, the debt collector must, within five (5) days of its initial

communication with consumer, send a written notice containing the following:

> **A statement that unless the consumer, within thirty (30) days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector; [and] a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of debt...and a copy such verification...will be mailed to the consumer by the debt collector....**

4.      This notice must be provided in a manner that effectively communicates this right to the least sophisticated of consumers.

5.      Professional Debt Mediation, Inc. did not include the required statements in its initial communication, (See Exhibit "A") and failed to comply with Section 15 U.S.C. 1692(g). Therefore, Plaintiff brings this suit on behalf of herself and all similarly situated persons who received correspondence from Professional Debt Mediation, Inc., and did not receive the required 1692(g) disclosures within five (5) days of the initial correspondence. Plaintiff and the Class seek statutory damages, attorneys' fees, and litigation costs, and all other such other and further relief that this court deems just and proper.

## JURISDICTION AND VENUE

6.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337, 1367(a), 2201, 2202.

7.      Venue is proper in this District under 28 U.S.C. § 1391 because: (i) the conduct from which this cause of action arises occurred in this District; and (ii) Defendant transacts business in this District.

8.      At all times herein, the conduct of Defendant, complained of below, occurred in Miami, Florida.

9.      At all times herein, Class Plaintiff is an individual residing in Miami Dade,

County, Florida.

10.     Defendant, Professional Debt Mediation, Inc. is a Florida for Profit Corporation existing under the laws of the State of Florida and that, itself and through its subsidiaries, regularly collects debts due to one another in Miami, Florida.

## PARTIES

11.     Plaintiff, MONICA MARQUEZ ("Marquez" or "Plaintiff") is a resident of Miami-Dade County, Florida, is over the age of eighteen (18) years, and is otherwise *sui juris*.

12.     Plaintiff is a consumer as defined by § 15 U.S.C. §1692a(3), who incurred the alleged debt for personal, family or household services.  Specifically, the alleged debt was as a result of Plaintiff's lease for an apartment complex that she lived at in Miami-Dade County.  The apartment was used for Plaintiff's personal living quarters, and was not utilized for business purposes in any way.

13.     Defendant, Professional Debt Mediation, Inc. ("Professional Debt" or "Defendant"), is a Florida for Profit Corporation with its principal place of business in Jacksonville, FL, whose principal business is the regular collection of debts using the mail and/or telephone.

14.     Defendant, Professional Debt Mediation, Inc. is a debt collector as defined by 15 U.S.C. §1692a(6), is registered as a "debt collector" with the state of Florida, and identifies itself as a debt collector in the correspondence it sent to Plaintiff..

## GENERAL ALLEGATIONS

15.     Plaintiff received a communication from Professional Debt Mediation, Inc. dated June 15, 2018, seeking to collect a debt purportedly owed by Plaintiff. A true and correct copy of the "Notice" is attached hereto as Exhibit "A."

16.     According to Professional Debt Mediation, Inc.'s communication, the debt purportedly owed by Plaintiff was $4,415.50.

17.     At the bottom of the Notice, Professional Debt Mediation, Inc. states that the communication "is an attempt to collect a debt, and any information obtained will be used for that purpose."

18.     As a debt collector attempting to collect a debt, Professional Debt Mediation, Inc. is required to comply with the requirements of the FDCPA, which protects consumers by preventing false, deceptive or misleading representations by debt collectors.

19.     However, Professional Debt Mediation, Inc. violated the requirements of the FDCPA by failing to comply with the initial notice requirements in 15 U.S.C. 1692(g).

## CLASS ACTION ALLEGATIONS

20.     Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff seeks class certification and is a member of the putative class she seeks to represent. The class can be defined as follows:

> All persons nationwide who did not receive the notice of the thirty (30) day dispute-period as required by 15 USC 1692(g) within five (5) days of receiving an initial communication from Professional Debt Mediation, Inc. within the applicable statute of limitations.

21.     Excluded from the Class are Professional Debt Mediation, Inc., any and all of its subsidiaries, affiliates and employees, and any governmental entity. Plaintiff seeks certification of a class.

22.     **Numerosity:** The members of the Class are so numerous and geographically dispersed that joinder of all members is impractical. While the exact number of Class members is unknown to Plaintiff at this time, Plaintiff, in good faith, asserts that the Class includes thousands of individuals both in Florida and nationwide. Class members will be ascertainable from records maintained by Professional Debt Mediation, Inc.

23. **Typicality:** Plaintiff's claim is typical of absent Class members' claims. Plaintiff and the Class have sustained identical damages, and their claims arise from the same factual background, legal theories, and statutory rights.

24. **Commonality:** The questions of law and fact common to the claims of each Class member overwhelmingly predominate over any questions of law or fact affecting only individual members of the Class. Questions of law and fact common to the Class include, but are not necessarily limited to, the following:

> (a) whether Professional Debt Mediation, Inc. is a "debt collector" under 15 U.S.C.§ 1692a(6);
>
> (b) whether the Notice that Professional Debt Mediation, Inc. sent to the Plaintiff and the Class is a "communication" under 15 U.S.C. § 1692a(2) and § 559.55(5), Fla.Sta.;
>
> (c) whether Professional Debt Mediation, Inc. failed to comply with 15 U.S.C. 1692(g); and
>
> (d) whether Professional Debt Mediation, Inc.'s Notice violates FDCPA.

25. **Adequacy of Representation:** Plaintiff will fairly and adequately protect the Class' interests and has retained counsel competent and experienced in class-action litigation. Plaintiff's interests are coincident with, and not antagonistic to, absent Class members' interests because by proving his individual claims, she will necessarily prove Defendant's liability as to the Class' claims. Plaintiff also is cognizant of, and determined to, faithfully discharge her fiduciary duties to the absent Class members as the Class Representative.

26. **Superiority & Manageability:** A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The expense burden of

individual litigation effectively makes it impossible for individual Class members to seek redress for the wrongs complained of herein.

27.     There are no unusual difficulties likely to be encountered in the management of this action as a class suit that could not be managed by this Court. The advantages of maintaining the action as a class suit far outweigh the expense and waste of judicial effort that would result in hundreds of separate adjudications of these issues for each class member.

28.     **Implied Element of Ascertainability:** Members of the class can be identified, and class membership ascertained through Defendant's records and data.

**COUNT I**
**VIOLATION OF THE FDCPA, 15 U.S.C. 1692(g)**

29.     Plaintiff reaffirms, realleges, and incorporates by reference, the allegations in paragraphs 1 through 28 as if set forth herein in full.

30.     Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

31.     Plaintiff and the Class are "consumers" as defined by § 15 U.S.C. §1692a(3).

32.     The communication that Defendant sent to Plaintiff and Class is a "communication" as defined by 15 U.S.C. § 1692a(2).

33.     The communication that Defendant sent to Plaintiff and the Class was the initial communication, and within five (5) days of sending the communication Professional Debt Mediation, Inc. was required to send a statement stating that unless the Plaintiff and the Class dispute the validity of the debt or any portion thereof, within thirty (30) days after receipt of the notice, the debt would be assumed valid.

34.     The communication sent to Plaintiff and the Class was the initial communication and within five (5) days of sending the communication Professional Debt Mediation, Inc., was required to send a statement that if the Plaintiff and the Class notified Professional Debt

Mediation, Inc. in writing with the thirty (30)-day period that the debt, or any portion thereof, was disputed, that Professional Debt Mediation, Inc. was legally required to obtain verification of debt and mail a copy to Plaintiff and the Class.

35.　　Defendant intentionally, knowingly and repeatedly violated the FDCPA.

36.　　As a result of its violations of the FDCPA, Professional Debt Mediation, Inc. is liable to Plaintiff and the Class for statutory damages, actual damages, costs and attorney's fees.

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for Judgment against Professional Debt Mediation, and requests a judgement:

(a)　certifying this action as a class action as set forth herein and designating Plaintiff as the Class Representative, and the undersigned as Class Counsel;

(b)　issuing a declaratory judgment stating that Defendant's conduct violates the FDCPA;

(c)　issuing declaratory and injunctive relief preventing Defendant from sending violative Notices to consumers in the future;

(d)　awarding statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

(e)　awarding litigation costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(f)　such other relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.

Respectfully Submitted this 17th day of July 2018, by:

ZEBERSKY PAYNE, LLP
110 S.E. 6th Street, Suite 2150
Fort Lauderdale, FL 33301
Telephone: (954) 595-6060
Facsimile:  (954) 989-7781

*/s/ Jordan A. Shaw*
JORDAN A. SHAW, ESQ.
Fla. Bar No.: 117771
jshaw@zpllp.com
mperez@zpllp.com
KIMBERLY A. SLAVEN, ESQ.
Fla. Bar No.: 117964
kslaven@zpllp.com

CONSUMER LAW ORGANIZATION, P.A.
721 US Highway 1, Suite 201
North Palm Beach, Florida 33408
Telephone: (561) 822-3446
Facsimile:  (305) 574-0132

*/s/ J. Dennis Card Jr.*
J. DENNIS CARD, JR., ESQ.
Fla Bar No.: 0487473
dennis@cloorg.com
karen@cloorg.com
DARREN R. NEWHART, ESQ.
Fla. Bar No.: 0115546
darren@cloorg.com